IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KEVIN LEE KERKHOFF,<br><br>                Plaintiff,<br><br>v.<br><br>JAMES B. AUSENBAUGH, CORY R. WALL, THADDEUS WENDT, BRUCE WILSON, BRETT BOLTON and WEST VALLEY CITY,<br><br>                Defendants. | MEMORANDUM DECISION AND ORDER ON PENDING MOTIONS<br><br><br>Case No. 2:13-CV-801 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on a number of pending motions. For the reasons discussed below, the Court will deny Plaintiff's motions for service of process, appointment of counsel, default judgment, and summary judgment, as well as other miscellaneous motions. The Court will grant Defendants' motions to dismiss.

## I. BACKGROUND

Plaintiff, proceeding pro se and in forma pauperis, filed his initial Complaint on September 6, 2013. Plaintiff then filed an Amended Complaint and Second Amended Complaint. Plaintiff alleges that in 1992 he was the victim of an assault that resulted in severe brain damage. Plaintiff alleges that his interests were not properly represented by West Valley City in the criminal case against his assailant. Plaintiff further alleges that he hired the individual Defendants, all of whom are attorneys, to represent him in filing an action in order to receive restitution. Plaintiff asserts claims under 42 U.S.C. § 1983.

## II. MOTION FOR SERVICE OF PROCESS

Plaintiff seeks official service of process pursuant to 28 U.S.C. § 1915. Section 1915 permits the Court to issue and serve all process.[1] However, with the exception of Defendant Ausenbaugh, Defendant has already served Defendants, at least with one version of his Complaint. Therefore, the Court will deny Plaintiff's motion as moot. As for Defendant Ausenbaugh, Plaintiff only mentions his name in the caption and brings no claims against him. As a result, the Court will dismiss Plaintiff's claims, to the extent he brings any, against this Defendant.[2]

## III. MOTION TO APPOINT COUNSEL

Plaintiff has also filed two motions for the appointment of counsel. Plaintiff has no constitutional right to counsel.[3] However, the Court may in its discretion appoint counsel.[4] "The burden is upon the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."[5] When deciding whether to appoint counsel, the Court considers a variety of factors, "including 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'"[6]

---

[1] 28 U.S.C. § 1915(d).

[2] *Id.* § 1915(e)(2)(B)(ii).

[3] *See Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Bee v. Utah State Prison*, 823 F.2d 397, 399 (10th Cir. 1987).

[4] 28 U.S.C. § 1915(e)(1).

[5] *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

[6] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)).

Considering the above factors, the Court concludes appointment of counsel is not warranted. The Court finds that Plaintiff's claims may not be meritorious, the factual issues are relatively straightforward, Plaintiff has the ability to present his claims, and the legal issues are not complex. Thus, the Court will deny Plaintiff's motion for appointed counsel.

IV. MOTIONS FOR DEFAULT JUDGMENT AND SUMMARY JUDGMENT

Plaintiff has filed motions, entitled motion for summary judgment or motion for default judgment, seeking default judgment against Defendants. Defendants Bolton, Wendt, Wilson, and Wall all filed timely responsive pleadings. Defendant Wilson filed an Answer,[7] while Defendants Bolton, Wendt, and Wall all filed motions to dismiss.[8] Therefore, judgment against these Defendants is not appropriate.

Plaintiff served Defendant West Valley City with his Amended Complaint. Defendant West Valley City did not timely respond to the Amended Complaint. However, West Valley City has filed a motion seeking to extend the time it has to respond to Plaintiff's Complaints. In addition, West Valley City has filed a motion to dismiss.

Federal Rule of Civil of Civil Procedure 6(b)(1)(B) provides that the Court may extend time after the time has expired upon a showing of good cause and excusable neglect. The Court considers the following factors in determining the existence of excusable neglect: "[1] the danger of prejudice to the [nonmoving party], [2] the length of the delay and its potential impact on

---

[7] Docket No. 27. In his Answer, Defendant Wilson denies any knowledge of Plaintiff or the events leading to this suit.

[8] Docket Nos. 23, 24, 26.

3

judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith."[9]

Defendant West Valley City argues that good cause and excusable neglect exists because Plaintiff filed multiple complaints in this action, yet only served his Amended Complaint on the city. The record does not reflect that Plaintiff served either the original Complaint or the Second Amended Complaint on Defendant West Valley City.[10] Nor does it appear that Plaintiff ever served his motion for default judgment on the city.

Considering the above-listed factors, the Court finds that Defendant has shown good cause and excusable neglect. First, there is no danger of prejudice to Plaintiff because this case is still in its early stages. Second, the delay in responding was short and had no appreciable impact on these proceedings. Third, the reason for the delay results from the confusion surrounding Plaintiff's pleadings and his prior case, as well as Plaintiff's failure to effectuate proper service of his Second Amended Complaint. Thus, this delay cannot be attributed to Defendant. Finally, Defendant has acted in good faith. Based upon these considerations, the Court will permit Defendant West Valley City to file its motion to dismiss out of time.[11] Therefore, default judgment will not be entered against Defendant West Valley City.

---

[9] *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

[10] The filing of his Second Amended Complaint supersedes Plaintiff's original Complaint and his Amended Complaint. *Franklin v. Kan. Dep't of Corr.*, 160 F. App'x 730, 734 (10th Cir. 2005).

[11] Even if default had been entered against West Valley City, the Court may set aside the entry of default for good cause and it may set aside a default judgment under Rule 60(b). Fed. R. Civ. P. 55(c). Defendant's proffered reasons for the delay in responding provide good cause.

## V. MOTIONS TO DISMISS

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[12] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face,"[13] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[14] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[15]

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[16] As the Court in *Iqbal* stated,

> only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief.[17]

---

[12] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[13] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[15] *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original).

[16] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[17] *Iqbal*, 556 U.S. at 679 (alteration in original) (internal quotation marks and citations omitted).

A.  WILSON

Plaintiff has named Defendant Bruce Wilson in this action. Defendant Wilson timely filed his Answer on October 21, 2013.[18] Plaintiff initially sought judgment against Defendant Wilson,[19] but later sought to strike Wilson from the case.[20] The Court construes the Motion to Strike as a motion to voluntarily dismiss Defendant Wilson, which will be granted.[21]

B.  INDIVIDUAL DEFENDANTS

Plaintiff brings claims against the individual Defendants under 42 U.S.C. § 1983. "Only a defendant acting 'under color of state law' may violate section 1983."[22] There are no allegations that any of the individual Defendants were acting under color of state law. Rather, it appears that all of the individual Defendants were acting as private attorneys who entered into representation agreements with Plaintiff. Without allegations that Defendants acted under color of state law, Plaintiff's claims against the individual Defendants are subject to dismissal. Plaintiff appears to assert a legal malpractice claim against the individual Defendants. Such a claim is not cognizable under § 1983.

C.  WEST VALLEY CITY

Plaintiff's claims against West Valley City stem from the city's alleged failure to notify Plaintiff of the potential to receive restitution during the criminal case against Plaintiff's assailant. Plaintiff has already brought this claim against the city in this Court. The Honorable

---

[18] Docket No. 27.

[19] Docket No. 17.

[20] Docket No. 30.

[21] *See* Fed. R. Civ. P. 41(a)(2).

[22] *Warner v. Grand Cnty.*, 57 F.3d 962, 964 (10th Cir. 1995).

Tena Campbell granted summary judgment in favor of the city, finding that Plaintiff's claims were barred by the applicable four year statute of limitations.[23] Defendant West Valley City now asks the Court to dismiss Plaintiff's claims as barred by claim preclusion, issue preclusion, and the statute of limitations.

"Claim preclusion bars a party from relitigating a claim or cause of action on which final judgment has been rendered."[24] "Claim preclusion requires: (1) a judgment on the merits in the earlier action; (2) identity of the parties or their privies in both suits; and (3) identity of the cause of action in both suits."[25] "[I]ssue preclusion bars a party from relitigating an issue once it has suffered an adverse determination on the issue, even if the issue arises when the party is pursuing or defending against a different claim."[26] Issue preclusion applies when:

> (1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.[27]

Plaintiff previously brought a § 1983 claim against West Valley City arising out of his complaints concerning the restitution in the criminal case against his assailant. A final judgment was entered in favor of West Valley City and against Plaintiff on that claim. Therefore, Plaintiff's current claim is barred. In addition, Plaintiff's claim is barred by the four-year statute

---

[23] *Kerkhoff v. Third District Court*, No. 2:01-CV-912 TC (D. Utah Feb. 19, 2003).

[24] *Park Lake Res. Ltd. Liab. v. U.S. Dep't of Agric.*, 378 F.3d 1132, 1136 (10th Cir. 2004).

[25] *Yapp v. Excel Corp.*, 186 F.3d 1222, 1226 (10th Cir. 1999).

[26] *Park Lake Res. Ltd. Liab.*, 378 F.3d at 1136.

[27] *Id.*

of limitations that applies to § 1983 claims,[28] as the underlying actions took place more than 20 years ago.

## VI.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Service of Process (Docket No. 5) is DENIED AS MOOT.  It is further

ORDERED that Plaintiff's Motions to Appoint Counsel (Docket Nos. 6 and 7) are DENIED.  It is further

ORDERED that Plaintiff's Motions for Default Judgment and Summary Judgment (Docket Nos. 12, 17, 18, 19, 20, and 29) are DENIED.  It is further

ORDERED that Defendants' Motions to Dismiss (Docket Nos. 23, 24, 26, and 47) are GRANTED.  It is further

ORDERED that Defendant West Valley City's Motion to Extend (Docket No. 46) is GRANTED.  It is further

ORDERED that Plaintiff's Motion to Strike (Docket No. 30) is GRANTED.  It is further

ORDERED that Plaintiff's Motion for ADR (Docket No. 40) is DENIED AS MOOT.

The Clerk of the Court is directed to close this case forthwith.

---

[28] *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995) (holding that Utah's four-year residual statute of limitations governs suits brought under § 1983).

DATED this 20th day of March, 2014.

BY THE COURT:

_____
Ted Stewart
United States District Judge